

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE ROBINSON

──────────────────────────────── x

DANA MILONE, an infant under the age of eighteen years, by her father and natural guardian, LOUIS MILONE,

        Plaintiff,

-against-

THE COUNTY OF DUTCHESS and DEPUTY SHERIFF AARON R. MALONE,

        Defendants.

──────────────────────────────── x

Case no.

**COMPLAINT**

**07 CV 3153**

## INTRODUCTORY STATEMENT

1. This is an action for damages sustained by plaintiff against a Dutchess County deputy sheriff who arrested, assaulted, and wrongfully imprisoned plaintiff, and against the County of Dutchess, State of New York, as the supervisory body responsible for the conduct of the individual defendant and for its failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct. The County of Dutchess is sued as a person under 42 U.S.C. Section 1983.

## JURISDICTION

2. This action arises under Sections 1983 and 1988 of Title 42 of the United States Code, and the Fourth Amendment to the Constitution of the United States. Jurisdiction is

1

conferred by 23 U.S.C. § 1331 and 1334. Plaintiffs further invoke the pendant jurisdiction of this Court to consider plaintiff's state law claims, pursuant to 28 U.S.C. § 1367.

## PARTIES

3.  At all times relevant to the allegations of this complaint, plaintiff Dana Milone ("plaintiff") was an individual residing in the County of Dutchess, State of New York. Plaintiff is an infant under the age of eighteen years, and is thus represented in this action by her father and natural guardian, Louis Milone.

4.  At all times relevant to the allegations of this complaint, defendant Aaron R. Malone ("defendant Malone" or "individual defendant") was, on information and belief, employed by the County of Dutchess to perform law enforcement duties within said county.

5.  At all times relevant, defendant Malone was acting in the capacity of agent, servant and employee of defendant County of Dutchess and is sued individually and in his official capacity.

6.  At all times relevant, defendant County of Dutchess was a municipal corporation duly formed under the laws of New York State, and was the employer and supervisor of defendant Malone. As such, it was responsible for defendants' training, supervision and conduct. It was also responsible, under law, for enforcing the regulations of the Dutchess County Sheriff's Department, and for ensuring that employees of the Dutchess County Sheriff's Department obey the laws of the State of New York and of the United States.

7.  At all times relevant hereto and in all their actions described herein, defendant Malone was acting under color of law and pursuant to his authority as a deputy sheriff.

## FACTUAL ALLEGATIONS

8.  On July 17, 2006, at approximately 11:45 a.m., plaintiff Dana Milone ("plaintiff"), a fifteen-year-old middle school student, was picked up by her brother after working out at a fitness club in Lagrange, NY.

9.  Plaintiff and her brother, Joseph Milone, left the parking lot and drove through an intersection onto Route 55. However, a Dutchess County deputy sheriff (defendant Aaron R. Malone, "defendant Malone") immediately pulled them over. Defendant Malone approached the vehicle and started loudly berating plaintiff's brother for allegedly running a red light. When plaintiff's brother attempted to respond, he was cut off and subjected to angry and obscenity-laden verbal abuse by defendant Malone.

10. Plaintiff and her brother were surprised and frightened by defendant's angry demeanor and use of vulgar language.

11. Defendant issued a ticket to Joseph Milone for running a red light, and asked if he had any questions. Plaintiff's brother responded that he felt there was no reason for defendant to be angry and abusive towards them. At this, defendant Malone returned to his vehicle and wrote up another ticket, this time for crossing a white line, which he gave to plaintiff's brother.

12. Again, defendant Malone asked if there were any further questions. Joseph Milone started to respond, but defendant cut him off and ordered him to get out of the car. Joseph Milone complied, and was subjected to more verbal abuse.

13. When Deputy Sheriff Malone threatened to give plaintiff's brother yet another ticket if he did not shut up, plaintiff called to her brother and told him to stop arguing and to come back to the car.

14.     As the plaintiff and her brother prepared to drive away, defendant Malone suddenly got out of his vehicle and shouted for them to shut off the car. Defendant ordered plaintiff Dana Milone to get out of the car and told her she was under arrest for disorderly conduct. Plaintiff was then handcuffed and placed into his vehicle.

15.     Plaintiff was driven to the Sheriff's department, without an escort or chaperone in the car, and was interviewed by defendant Malone. After speaking to plaintiff's mother, defendant Malone released plaintiff into the custody of her brother, who then took her home. No criminal charges were filed against plaintiff.

16.     Plaintiff's arrest, handcuffing, and imprisonment were unlawful, unwarranted, intentional and malicious, and caused her serious physical, emotional, and psychological injuries, including bruised wrists, fear, humiliation, embarrassment, depression, and related ailments, such as lack of sleep, flashbacks, and a fear of police officers.

## FEDERAL CAUSES OF ACTION

17.     Each and every allegation set forth in Paragraphs "1" through "16" are incorporated herein by reference.

18.     The above-described actions and omissions, engaged in under color of state authority by defendant Malone, deprived plaintiff of the rights secured to her by the Constitution of the United States, including, but not limited to:

    a.     her First Amendment right of freedom of speech.

    b.     her Fourth Amendment right to be free from unlawful search and seizure;

    c.    her Fourth Amendment right to be free from false arrest and imprisonment; and

    d.    her Fourth Amendment right to be free from excessive force utilized by police in the effect of making an arrest.

## PENDANT STATE CAUSES OF ACTION

19.    Each and every allegation set forth in Paragraphs "1" through "16" are incorporated herein by reference.

20.    Plaintiff alleges that the acts and omissions of defendant Aaron R. Malone have deprived her of rights secured to her by the laws and statutes of the State of New York, including the New York State Constitution. Plaintiff further alleges that defendant, by his acts and omissions, is liable to plaintiff under state law for assault and battery, false arrest, false imprisonment, and intentional infliction of emotional distress.

21.    Plaintiff alleges that defendant County of Dutchess, as the employer of defendant Malone, is liable to plaintiff for the above torts under the doctrine of respondeat superior.

22.    Plaintiff further alleges that she has complied with all applicable statutory requirements prior to filing this action, including compliance with the provisions of New York General Municipal Law §50-e, by timely filing a notice of claim with the County of Dutchess within ninety days of the occurrence of this incident.

## ATTORNEY'S FEES

23.  Plaintiff is entitled to an award of attorney's fees, pursuant to 42 U.S.C. § 1988.

WHEREFORE, plaintiff demands the following relief, jointly and severally, against all defendants:

    a.  Compensatory damages in an amount to be determined at trial;

    b.  Punitive damages in an amount to be determined at trial;

    c.  Attorneys' fees pursuant to 42 U.S.C. 1988; and

    d.  Such other and further relief as to the Court seems just and proper.

DATED:  Tuxedo, NY
           April 12, 2007

Respectfully,

**COBB & COBB**

By: _/s/ John Cobb_
JOHN COBB (JC 9884)
Attorneys for plaintiff
233 Route 17, #5
Tuxedo, NY 10987
(845) 351-5612